UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH P. MEADOWS, III,** | ) | CASE NO. 5:08CV2530 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| **UNIGLOBE COURIER SERVICE INC., et al.,** | ) | |
| | ) | |
| Respondent. | ) | |

This Memorandum Opinion and Order arises out of the motion to dismiss pursuant to Rule 4(m) (Doc. No. 37) filed by Defendant Jarrett Ramone Jones ("Jones"). Plaintiff Kenneth P. Meadows, III ("Meadows") has filed an opposition. (Doc. No. 39.) For the reasons that follow, Jones's motion is **GRANTED**.

Federal Rule 4(m) states: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Thus, if plaintiff fails to serve a defendant within 120 days, plaintiff bears the burden of establishing good cause for the failure to timely serve. *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)); *Harris v. City of Cleveland*, 190 F.R.D. 215, 218 (N.D. Ohio 1999). Good cause may be shown by reasonable and diligent efforts to effectuate service. *Habib*, 15 F.3d at 74 (citations omitted).

The docket reflects that Meadows attempted service upon Jones November 7, 2008, but that service was returned unexecuted upon Jones on November 19, 2008. (Doc. No. 6.)

Since that time, Meadows has made no effort to serve Jones with process, and well over 120 days have passed between commencement of this action and Jones's motion to dismiss under Rule 4(m).[1] Simply put, Meadows has not made any reasonable or diligent efforts to effectuate service upon Jones, nor has he offered any other justification that would suffice as good cause.

Meadows suggests that Jones has acknowledged receipt of the complaint and has participated in the action, and therefore has waived sufficient service of process. Meadows is incorrect. Rule 12(h) states that insufficiency of service, *inter alia*, is waived only if it is never offered in a Rule 12 motion, is not raised in a Rule 12 motion in which it could have been raised, or is not included in a responsive pleading. Fed. R. Civ. P. 12(h)(1). Service may also be waived through a formal waiver under Rule 4. *See* Fed. R. Civ. P. 4(d)(1). Jones has not filed a Rule 12 motion prior to the instant one and has not waived service under Rule 4. Further, he clearly included insufficient service of process as an affirmative defense in his Answer. (Doc. No. 8.) Thus, Jones has not waived service of process as a defense and may properly assert it in this motion.

Aside from the clarity of the Federal Rules on this point, the Sixth Circuit has never considered "actual knowledge of a lawsuit to substitute for proper service under [Rule 4]." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999). Accordingly, the Sixth Circuit, in lock-step with many other courts, has refused to find a waiver simply because a defendant appears in court to defend the lawsuit. *Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002) (defendant did not waive the defense of lack of service by appearing in court to move for an

---

[1] It appears from the language of Rule 4(m) that a defendant may move under that rule alone to dismiss for insufficient service. However, even if Jones brought his motion to dismiss under the wrong rule, courts have routinely construed a motion to dismiss for insufficient service brought under an improper rule as properly brought under the correct rule. *See Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007); *Austin v. Spaulding*, 2002 WL 1459603, at *1 (D.R.I. June 17, 2002). Thus, the Court will treat as properly brought Jones's motion, regardless of whether Rule 4(m) provides an independent basis for dismissing an action due to insufficient service.

extension of time in which to answer the complaint because the motion was not a responsive pleading); *Candido v. District of Columbia*, 242 F.R.D. 151, 162 (D.D.C. 2007); *Cataldo v. U.S. Dep't of Justice*, 2000 WL 760960, at *7 (D. Me. 2000) (appearance to challenge service of process did not waive the defense). Indeed, "if a defendant's mere appearance waived its Rule 12(b)(5) defense, it effectively 'could never contest the sufficiency of the service of process upon it.'" *Candido*, 242 F.R.D. at 162 (citation omitted). The Court does not find this case to be meaningfully different from these other authorities. Though Jones's participation in this lawsuit, through his attorney, has been substantial, he asserted insufficient service as an affirmative defense at the outset of litigation, and he has not waived that defense under Rules 4 or 12.

For the foregoing reasons, the Court finds that Meadows has not shown good cause for its failure to serve Jones within 120 days of the commencement of this action. Accordingly, Jones's motion is **GRANTED** and all claims against Jones are **DISMISSED, without prejudice**.

**IT IS SO ORDERED**.

Dated: July 28, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**